UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KURT MORALES, | 1: 06 CV 00979 AWI WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 14] |
| I. D. CLAY, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Petitioner was convicted in Calaveras County Superior Court of transportation of methamphetamine (count 1: Health & Saf. Code § 11379(a)) with one Penal Code section 667(d) and (e) prior conviction enhancement. The trial court sentenced Petition to a determinate term of eight years in state prison.

Petitioner filed a direct appeal. On April 13, 2006, the California Court of Appeal affirmed

the judgment.

On May 15, 2006, Petitioner filed a petition for review with the California Supreme Court, raising three issues. The court denied the petition on June 21, 2006.

Petitioner filed no collateral actions in state court.  Petitioner filed the present action in this court on  July 27, 2006.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Calaveras County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that Petitioner has failed to exhaust his state court remedies as to claims one, three and four of his petition. Petitioner has not responded to the motion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

1 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
2 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,
3 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).
4     A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
5 full and fair opportunity to consider each claim before presenting it to the federal court. Picard v.
6 Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
7 1996). A federal court will find that the highest state court was given a full and fair opportunity to
8 hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
9 basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.
10 Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner
11 must have specifically told the state court that he was raising a federal constitutional claim. Duncan,
12 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For
13 example, if a petitioner wishes to claim that the trial court violated his due process rights "he must
14 say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A
15 general appeal to a constitutional guarantee is insufficient to present the "substance" of such a
16 federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)
17 (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an
18 argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074
19 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional
20 guarantee, as well as a statement of the facts which entitle the petitioner to relief.").
21     In this case, the only grounds for relief Petitioner presented to the California Supreme Court
22 were (1) "revoking Petitioner's grant of probation for de minimis violations of the conditions and
23 without obtaining a probation report constituted error and a miscarriage of justice;" (2) "[t]he
24 commitment to state prison constituted an abuse of discretion under the facts of the case, and the
25 case (sic), and the failure to obtain a new probation report was not harmless;" and (3) "[t]he
26 California Supreme Court of Appeal's adjudication of Petitioner's claims is in direct conflict with
27 other California Courts of Appeals, and review is necessary to secure a uniformity of decisions
28 (*sic*)." In the present petition, Petitioner raises the following four grounds: (1) "[t]he Trial Court

abused it's discretion in the imposition of the full eight (8) year prison sentence, tantamount to a miscarriage of justice;" (2) "[t]he Trial Court failed to request and consider a Probation Report prior to revoking petitioner's probation;" (3) "[t]he Government failed to carry or meet the requisite burden of proof at the probation revocation hearing;" and (4) "[t]he judgment that was entered against petitioner was based on a finding devoid of sufficient evidence, in the Trial Court's failure to read or consider a probation report, being violative of petitioner's federal due process."

As Respondent argues only claim number 2 of the present petition, "[t]he Trial Court failed to request and consider a Probation Report prior to revoking petitioner's probation," is exhausted. Claims one, three and four all raise issues that have never been presented to the California Supreme Court and therefore, are unexhausted. The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No 104-132, 110 Stat. 1214. Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C). The court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). In this case, Respondent has clearly not waived exhaustion. In addition, California provides avenues for Petitioner to pursue state claims. For example, these claims could have been presented in a petition for writ of habeas corpus. See, Cal. Penal Code §§ 1473 - 1475. Finally, there are not sufficient circumstances in this case for the court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that California's corrective processes are ineffective to protect Petitioner's rights.

The Petition for Writ of Habeas Corpus currently before this court contains both exhausted and unexhausted claims. As such, the petition must be dismissed. See, Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Gordon, 107 F.3d at 760; Guizar 843 F.2d at 372.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) That Respondent's motion to dismiss be GRANTED;

2) That this petition for writ of habeas corpus be DISMISSED as a mixed petition containing both exhausted and unexhausted claims;

3) That the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **TWENTY (20)** days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 30, 2008**             /s/  **William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE