UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KURT MORALES, | 1: 06 CV 00979 AWI  WMW HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| I. D. CLAY, | [Doc. 14] |
| Respondent. | ORDER DENYING MOTION TO HOLD CASE IN ABEYANCE |
| | [Doc. 18] |

    Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

    On January 31,  2008, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner did not file objections.

    On February 8, 2008, Petitioner filed a motion to hold this case in abeyance.  Respondent filed an opposition to that motion on February 13, 2008.

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997).  However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the court does not find good cause to excuse Petitioner's failure. Petitioner had multiple opportunities to present his claims to the state courts: he could have raised them in his petition for review to the California Supreme Court , or in a subsequent round of collateral review in the state courts.  In each instance, he failed to do so. Staying the case at this juncture in order to allow Petitioner to pursue a third round of review in the state courts frustrates AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. Id. at 1534. Accordingly, Petitioner's motion to hold this case in abeyance will be denied.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case.   See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).   Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Based on the foregoing, it is HEREBY ORDERED  that:

1. The findings and recommendations issued by the Magistrate Judge on January 31, 2008, are a adopted in full;
2. Petitioner's motion to hold this case in abeyance is DENIED;
3. Respondent's motion to dismiss is GRANTED;
4. This petition for writ of habeas corpus is DISMISSED as a mixed petition containing both exhausted and unexhausted claims;

5. A certificate of appealability is DENIED;

6. The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:    **March 26, 2008**                          **/s/ Anthony W. Ishii**
                                                             UNITED STATES DISTRICT JUDGE